IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAWN E. TAYLOR, )<br>)<br>Petitioner, )<br>)  CRIMINAL NO. 14-0035-WS-M<br>)<br>v.                                       )  CIVIL ACTION NO. 16-0326-WS-M<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | |

**ORDER**

This matter comes before the Court on petitioner Shawn E. Taylor's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 57). Magistrate Judge Milling has entered a Report and Recommendation (doc. 64) recommending that the § 2255 Motion be denied, and Taylor has filed Objections (doc. 65) to one aspect of the Report and Recommendation. The undersigned now undertakes *de novo* review of that portion of the Recommendation to which objection is made, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(3), Fed.R.Civ.P.

Taylor entered a plea of guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). At sentencing, the undersigned determined that the appropriate base offense level was 20 by operation of U.S.S.G. § 2K2.1(a)(4)(A), which applies to a § 922(g) offense committed after the defendant sustained a felony conviction of a crime of violence. Taylor's conviction for a crime of violence that served as the predicate offense warranting application of § 2K2.1(a)(4)(A) was a 2011 Alabama state-court conviction of murder, in which "defendant did shoot the victim with a firearm with intent to cause death to the victim." (Doc. 23, ¶ 30.)[1] The Court applied a six-level enhancement for reckless endangerment

---

[1] Prior to sentencing, Taylor's counsel objected that the 2011 murder conviction was not properly counted against him for § 2K2.1(a)(4)(A) purposes because Alabama law provides that youthful offender determinations are not deemed convictions. (Doc. 22, at 1.) At (Continued)

or assault on a law enforcement officer, along with a three-level reduction for acceptance of responsibility, yielding an adjusted offense level of 23.  When combined with Taylor's criminal history category of IV, defendant's guideline range was calculated at 70 to 87 months.  The Court imposed a low-end sentence of 70 months' imprisonment.

Taylor pursued a direct appeal to the Eleventh Circuit Court of Appeals; however, he failed to raise the issue of whether his base offense level was properly calculated and, more particularly, whether his murder conviction was properly counted as a "crime of violence" giving rise to a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A).  The Eleventh Circuit affirmed Taylor's conviction and sentence via opinion dated April 9, 2015, which was issued as mandate on May 8, 2015.  (Docs. 55 & 56.)

Taylor pursued no further appeals or requests for judicial review in this case until June 20, 2016, when he filed a § 2255 Petition.  The centerpiece of that motion was a series of claims seeking relief pursuant to *Johnson v. United States*, 576 U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), in which the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  135 S.Ct. at 2563.  In the Report and Recommendation, Magistrate Judge Milling correctly concluded that Taylor's *Johnson* claim is meritless because (i) Taylor was not sentenced under the ACCA, (ii) the Eleventh Circuit has declined to extend *Johnson* to advisory sentencing guidelines, and (iii) even if *Johnson* were applicable retroactively to the sentencing guidelines' definition of "crime of violence" as utilized in U.S.S.G. §§ 2K2.1 and 4B1.2(a), Taylor's 2009 conviction qualified as a crime of violence under the "elements clause" of that

---

the sentencing hearing, the undersigned overruled Taylor's objection on this point, concluding that consideration of his youthful offender conviction was appropriate for purposes of the challenged guidelines determinations.  (*See* doc. 51, at 45.)  In so ruling, the Court relied on Eleventh Circuit precedent authorizing use of youthful offender adjudications for purposes of sentencing enhancements.  *See, e.g., United States v. Elliot*, 732 F.3d 1307, 1313 (11th Cir. 2013) ("the district court did not err by using Elliot's Alabama youthful offender adjudication to classify him as a career offender under § 4B1.1"); *United States v. Acosta*, 287 F.3d 1034, 1037 (11th Cir. 2002) ("If a defendant who is not even adjudicated guilty is considered to have suffered a conviction within the meaning of section 841, then a youthful offender who pleads guilty and is adjudicated must also be considered to have suffered a prior conviction, even if the state law does not consider him 'convicted' and his record is sealed.").

definition, rather than the vague "residual clause" of that definition, such that *Johnson*'s constitutional ruling as to the residual clause would not be implicated here in any event. (Doc. 64, at 4-6.) In his objections to the Report and Recommendation, Taylor takes issue with none of those legally sound determinations.

Rather, Taylor's sole objection to the Report and Recommendation focuses on a different claim for relief. As Ground Four of his § 2255 Petition, Taylor "challenge[s] the base level offence of 20 points" because the Alabama courts granted him youthful offender status with respect to his 2011 murder conviction. (Doc. 57, at 8.) Taylor's objection is that the 2011 conviction does not qualify as a conviction of a crime of violence for purposes of § 2K2.1, not because of *Johnson* or *Beckles* considerations but because he was classified as a youthful offender under Alabama law. As the Government argued and the Report and Recommendation explained, however, Ground Four is procedurally defaulted because it was an available challenge to his sentence that Taylor failed to raise on direct appeal. *See, e.g., McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.") (citation and internal quotation marks omitted). The "youthful offender" argument was plainly available to Taylor at the time of his direct appeal; after all, his counsel raised this very argument prior to and during the sentencing hearing. *See Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 20040 ("In procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all."). Although procedural default may be excused on a showing of cause and prejudice or actual innocence, Taylor has done neither.[2] Thus, Ground Four is procedurally barred and is not properly before the Court in Taylor's § 2255 Petition.

---

[2] Even if he had, this claim would fail on the merits. As shown in the Presentence Investigation Report, Taylor was 18 years old when he committed the offense that gave rise to the 2011 murder conviction. (Doc. 23, ¶ 30.) As such, that conviction qualified as a "felony conviction" for purposes of § 2K2.1(a)(4)(A). *See* U.S.S.G. § 2K2.1, application note 1 ("'Felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year …. A conviction for an offense committed at age eighteen years or older is an adult conviction."); *Elliot*, 732 F.3d at 1311 ("Elliot was 20 years old when he committed the Alabama state offense, and we need not resort to state law to (Continued)

For all of the foregoing reasons, and after due and proper consideration of the issues raised and a *de novo* determination of those portions of the record to which objection is made, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **adopted** as the opinion of this Court.  It is **ordered** that the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 57) is **denied** and that this action is **dismissed with prejudice**. The Court **certifies** that any appeal from this determination would be frivolous and not brought in good faith; therefore, Taylor may not take an appeal *in forma pauperis*, and will not be granted a certificate of appealability in connection with any such appeal.

DONE and ORDERED this 20th day of October, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

determine whether that adjudication qualified as an adult conviction."). As the Eleventh Circuit has explained in analogous circumstances, "the meaning of 'conviction' for purposes of the sentencing enhancement at issue in this case is a matter of federal rather than state law. … Thus, we are not bound by the fact that Alabama law does not consider a youthful offender adjudication to be a conviction." *Elliot*, 732 F.3d at 1312-13 (citations omitted).  Thus, even if this claim were not procedurally barred (which it is), it would nonetheless fail as a matter of law on the merits.